UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIO HERNANDEZ,
   Plaintiff,

v.

STEVE BAUER CONSTRUCTION, LLC,
   Defendant.

Case No. 1:12-cv-752

Judge Spiegel
Magistrate Judge Litkovitz

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff Julio Hernandez's motion for default judgment. (Doc. 11).

Plaintiff filed the complaint in this action against defendant Steve Bauer Construction, LLC on October 14, 2012. (Doc. 3). Defendant was served with the complaint on October 17, 2012. (Doc. 5). After defendant failed to respond, plaintiff applied to the Clerk of Court for entry of default against defendant on April 4, 2013. (Doc. 8). The Clerk's entry of default was made on April 5, 2013. (Doc. 9). Plaintiff filed his motion for default judgment on July 11, 2013. (Doc. 11). However, plaintiff's motion failed to include a certificate of service showing the motion had been served on defendant as required by the federal and local rules of court. On October 29, 2013, this Court ordered plaintiff to serve a copy of his default judgment motion on defendant and prove such service to the Court within ten days. (Doc. 13). Plaintiff was advised that failure to comply with the Order would result in his motion for default judgment being stricken from the record. (*Id.*). Plaintiff has failed to file proof that he served his motion for default judgment on defendant within the prescribed time. Accordingly, plaintiff's motion for default judgment (Doc. 11) is hereby **STRICKEN** from the record.

The Court further finds that plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b). *See Jourdan*

*v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan*, 951 F.2d at 109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Here, plaintiff has failed to adhere to the Local Rules and the Federal Rules of Civil Procedure which require that he submit proof of service of his motion for default judgment. *See* S.D. Ohio Civ. R. 5.2(a), Fed. R. Civ. P. 5(a). Plaintiff also failed to obey this Court's October 29, 2013 Order by not serving his motion for default judgment on defendant and submitting proof of service to the Court. Plaintiff's failures to adhere to the local and federal rules and to follow this Court's Order indicate that he is no longer expending effort to prosecute his lawsuit in a diligent manner as required by Fed. R. Civ. P. 41 and the Local Rules. Accordingly, dismissal of this case for want of prosecution is appropriate.

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment (Doc. 11) be **STRICKEN** from the record. Further, **IT IS RECOMMENDED THAT** plaintiff's case be **DISMISSED** for want of prosecution and for failure to obey an Order of the Court.

11/22/13
Date

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIO HERNANDEZ,
   Plaintiff,

v.

STEVE BAUER CONSTRUCTION, LLC,
   Defendant.

Case No. 1:12-cv-752

Judge Spiegel
Magistrate Judge Litkovitz

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **FOURTEEN DAYS** after being served with this Report and Recommendation ("R&R"). That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **FOURTEEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).